Gholson, J.
The first question presented by the counsel for the plaintiff, is, What estate did Margaret A. Whitney take in the property, under the agreement between herself, her husband, and the trustee ? This question, as well remarked by the counsel, “ involves the construction of the tripartite agreement — all other transactions between Margaret, Robert and her trustee, revolving around this, without altering or modifying it in the least.”
In construing that agreement, we have the advantage of being informed by the parties of its object. There is a recognition of what courts of chancery denominate the “wife’s equity.” And this, it is said, is to have an interest bequeathed to her, secured to her separate use. But, it is added, in immediate connection, that the husband is desirous to make some reasonable and competent provision for the wife and her children. To understand the intention of the parties, it is important to observe, that the “wife’s equity” was not to have the whole property to which she may have become entitled, and to obtain which, the aid of a court of equity became necessary. “ The equity, though called that of the wife, is effectuated by a settlement on her children also, as being, if the property is settled at all, the most proper mode of doing it; and the wife can not separate their interest from her own, or claim a settlement on herself, to their exclusion.” Adams’ Equity, 48.
It may be well assumed, not only from the language of the *441 recital, but from the reference to the wife’s equity, that the parties had in view the well-understood limitation upon the right of the wife, and intended to make a substantial provision for the children. This will furnish a key to explain any doubtful expressions in the agreement, particularly that in reference to the power of the wife to dispose of the property by an appointment.
The agreement, undoubtedly, gives to the wife during her life, the interest on the money, for her sole and separate use. This is to be paid to her by the trustee, and her sole receipt is to be the sufficient and only discharge. The three years introduced into the next provision, was, probably, for the benefit of the husband, to whom the fund was to be loaned on mortgage, that time being given to enable him to raise the money. The substance of the provision is, that if the wife should survive the husband, she is to have the fund, but if she dies before the husband, it is to go to her children, provided, that during her life, she does not, by a testamentary paper, otherwise direct. It will be observed, that the separate use of the wife, so distinctly expressed as to the interest, is altogether omitted as to the fund itself. There is no provision generally, for a separate estate in the fund, but her right to it, and control over it, is distinctly limited and defined, and to say that during the life of the husband, she had absolute control and disposal of it, would deny to language used, its appropriate meaning. The right to the fund itself, if she survives her husband, and the power to direct who shall take it after her death, falls short of a right of absolute disposal. It is true, she may, by appointment, cut off the expectation of her children. A right to discriminate among children, might be regarded as reasonable, and it was probably supposed that maternal affection would prevent the disposition of the fund by a testamentary paper, in favor of strangers. If such a disposition, so little to be expected from a mother, is not made, the children are guarded against any other disposition during the joint lives of the father and mother, and should the father survive, they, and not he, become entitled to the fund.
*442 We think that the parties intended to make a settlement of the property for the benefit of both wife and children, and that we have no right to reject terms in that settlement, which, in very probable contingencies, may operate for the benefit of the children. The terms of the settlement must control; and they exclude any power of disposition by the wife during the life of the husband, and any power of appointment to take effect after her death, not executed in the mode specified. ’ Such being our view of the proper construe tion of the agreement, the other questions presented by the counsel for the plaintiff become immaterial, the foundation ■for them failing. The judgment, therefore, will be for the deféndants.

Judgment for defendants.

Scott, C.J., and Sutliff, Peck and Brinkerhoff, JJ., concurred.